IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES GORDON,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6365 |
| | : | |
| **C/O GARVIN,** | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 15th day of January, 2025, upon consideration of Plaintiff James Gordon's Motion to Proceed *In Forma Pauperis* (Doc. No. 1), his Prisoner Trust Fund Account Statements (Doc. Nos. 3, 5), and his *pro se* Complaint (Doc. No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. James Gordon, #QD-2124, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Rockview or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Gordon's inmate account; or (b) the average monthly balance in Gordon's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Gordon's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Gordon's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this order to the Superintendent of SCI Rockview.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, Gordon's First Amendment retaliation claim is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. The Clerk of Court is **DIRECTED** to send Gordon a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Gordon may use this form to file an amended complaint if he chooses to do so.

7. Gordon may file an amended complaint within thirty (30) days of the date of this Order if he can allege additional facts to state a plausible First Amendment retaliation claim. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Gordon's claims against each defendant. The amended complaint must also provide as much identifying information for the defendants as possible. Gordon may refer to a defendant by last name only if that is the only identifying information possessed. If Gordon wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1] If Gordon files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Gordon's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the amended complaint will not be considered part of this case. **This means that if Gordon files an amended complaint, he must reallege the Eighth**

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Gordon may file.

**Amendment excessive force claim against Correctional Officer Garvin that was not dismissed, including all supporting factual allegations, or that claim will be deemed to have been abandoned.**  When drafting his amended complaint, Gordon should be mindful of the Court's reasons for partially dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Gordon does not file an amended complaint, the Court will direct service of his initial Complaint on Defendant Garvin.  Gordon may also notify the Court that he seeks to proceed on the Eighth Amendment excessive force claim only, rather than file an amended complaint.  If he files such a notice, Gordon is reminded to include the case number for this case, 24-6365.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

BY THE COURT:

*/s/ Karen Spencer Marston*
**KAREN SPENCER MARSTON, J.**